## Pennsylvania Railroad Co. *versus* Dale.

1. In an action by a passenger for injury from collision on a railroad, *Held,* that evidence might be given that one part of his business "was dealing in land, that he had a quantity of land on hand, and to show the value of the business and the profits arising therefrom."

2. The court charged: "If the plaintiff, at the time of the injury, was engaged in a legitimate business from which pecuniary profits had arisen, and future profits might reasonably be expected, which business was interrupted or suspended in consequence of disabilities, physical or mental, inflicted by the negligence of the defendant, the loss of such anticipated profits are properly the subject of compensation in damages." *Held,* to be correct.

3. Mere speculative profits are not to be considered; damages in cases of personal injury may be ascertained by the reduction of plaintiff's earning-powers, mental or physical, and therefore reference is to be had to his business at the time of the accident.

4. Hanover Railroad *v.* Coyle, 5 P. F. Smith 396; Penna. Railroad Co. *v.* Butler, 7 P. F. Smith 335, followed.

March 26th 1874. Before AGNEW, C. J., SHARSWOOD, MERCUR and GORDON, JJ. WILLIAMS, J., at Nisi Prius.

Error to the Court of Common Pleas of *Warren county:* No. 357, to January Term 1873.

This was an action on the case, brought November 24th 1871, by John A. Dale against The Pennsylvania Railroad Company, to recover damages for injuries which he had sustained in consequence of the collision of two trains of the defendants on their railroad.

There was no question made as to the liability of the defendants for damages for the injury; the questions were as to the evidence and the elements which should enter into their computation.

On the trial, March 6th 1873, before Wetmore, P. J., the plaintiff gave evidence of the collision, the manner in which he was injured, the extent of his injury, &c.

Plaintiff then proposed to show that at the time of the accident, one part of his business was dealing in lands—buying and selling the same; that he had a quantity of lands then on hand; and to show the value of this business at the time of the accident, and the profits arising therefrom.

The offer was objected to on the ground of being a speculative business, and too indefinite to be ascertained in cash value.

The offer was admitted and a bill of exceptions sealed.

[Pennsylvania Railroad Co. *v.* Dale.]

The plaintiff then gave evidence in accordance with the offer.

The defendants' 4th and 5th points with their answer, are as follows :—

4. The damages are not to be assessed from the fact that the plaintiff was buying and selling lands, and may or may not have lost an opportunity for a good investment, but must show that he has lost an opportunity to sell or buy, and that the land has depreciated in value so as to cause him a pecuniary loss.

5. The buying and selling of lands by the plaintiff being principally based on speculative value as oil-producing territory, is of too uncertain nature as a business, having too many contingencies, so as to be a proper basis for any one to determine its value, and therefore the testimony of the plaintiff, relative to his damages in this way, is no evidence that he sustained any actual pecuniary loss, either as to not buying or selling, or the converse, as no one could possibly tell whether he might make or lose by the transaction ; it is therefore simply speculative, and not the subject of ascertainment in damages.

To which the court answered :—

" If plaintiff was engaged in buying and selling lands as a business, and in pursuit of that business there were legitimate profits realized, and in consequence of the injuries received he was not able to carry on that business, those profits may be taken into account in determining the question of damages in this suit. If, however, the business was uncertain and speculative, and not attended with any reasonable certainty of profits, then it would not have a pecuniary value to be estimated in this action."

The court, in answer to a point of the plaintiff, charged also :—

" If the plaintiff, at the time of the injury, was engaged in a legitimate business from which pecuniary profits had arisen, and future profits might reasonably be expected, which business was interrupted or suspended in consequence of disabilities, physical or mental, inflicted by the negligence of the defendant, the loss of such anticipated profits is properly the subject of compensation in damages."

The verdict was for the plaintiff for $2500.

The defendants took a writ of error, and assigned a number of errors, amongst which the second was the answer to the defendants' 4th and 5th points, and the ninth the admission of the evidence objected to by the defendants.

*J. R. Thompson*, for plaintiffs in error.

*S. P. Johnson*, for defendant in error, cited 2 Redfield on Railways 260–262 ; Penna. Railroad Co. *v.* McCloskey, 11 Harris 526 ; Hanover Railroad Co. *v.* Coyle, 5 P. F. Smith 396 ; Custis *v.* Rochester & S. Railway Co., 10 Barb. 282.

[Pennsylvania Railroad Co. *v.* Dale.]

Mr. Justice GORDON delivered the opinion of the court, May 11th 1874.

If there be anything in this case from which a doubt as to the rectitude of the ruling of the court below might be raised, it would be from the admission of evidence under the defendant's ninth exception and the answer to its fourth and fifth points. The offer was " to show that at the time of the accident, one part of the business of the plaintiff was dealing in lands, buying and selling the same; that he had a quantity of land then on hand; and to show the value of the business at the time of the accident, and the profits arising therefrom." The answer to the points was as follows: " If the plaintiff at the time of the injury was engaged in a legitimate business, from which pecuniary profits had arisen and future profits might be reasonably expected, which business was interrupted or suspended in consequence of disabilities, physical or mental, inflicted by the negligence of the defendant, the loss of such anticipated profits is properly the subject of compensation in damages."

Without overruling our own decisions, we cannot say that this admission and answer are wrong. This very point came up in the case of The Hanover Railroad Co. *v.* Coyle, 5 P. F. Smith 396, wherein it was held that the plaintiff, who was a peddler, might prove the annual amount of his sales and the profit he made thereon, as tending to show the amount he might have earned, had he been able to attend to his business. We apprehend that the profits arising from a legitimate land business are not less certain than those arising from the business of peddling, nor more difficult to estimate.

It is true that merely speculative profits are not to be considered, and against the consideration of such profits the court carefully guards the jury by saying, " If, however, the business was uncertain and speculative, and not attended with any reasonable certainty of profits, then it would not have a pecuniary value to be estimated in this action."

The damages in cases like this are to be arrived at by considering the reduction which the accident has wrought upon one's earning powers, whether mental or physical, or both combined, and in order to do this properly, reference must always be had to the business in which such an one is engaged at the time of the accident. No better rule can be laid down than that adopted by Justice Sharswood, in the case of The Penna. Railroad Co. *v.* Butler, 7 P. F. Smith 335, in which he says: " The proper measure of damages is the pecuniary loss suffered by the parties entitled to the sum to be recovered; and that loss is what the deceased would probably have earned by his intellectual or bodily labor in his business or profession during the residue of his lifetime, and which would have gone for the benefit of his children,

26 P. F. SMITH—4

taking into consideration his age, ability and disposition to labor, and his habits of living and expenditures." This rule, though immediately applicable to cases brought for damages resulting from the loss of the life of a husband or parent, is nevertheless applicable, *mutatis mutandis*, not only to the case in hand, but to all similar cases.

Human business is as varied as human wants and human ideas Each one adopts that which suits him best, or from which he can derive the largest profits, and when, by another's negligence, he is deprived of the power of properly conducting such business, the question of what damages he shall have, by way of compensation, is wholly for the jury.        Judgment affirmed.